**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| **JUAN Q. BEAMON,** | ) | |
| | ) | |
| **Petitioner** | ) | |
| | ) | |
| **v.** | ) | **No. 3:05cv0757 AS** |
| | ) | |
| **STANLEY KNIGHT,** | ) | |
| | ) | |
| **Respondent** | ) | |

### *MEMORANDUM OPINION AND ORDER*

On or about November 22, 2005, *pro se* petitioner, Juan Q. Beamon, an inmate at the Pendleton Correctional Facility (PCF) in Pendleton, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on May 4, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

The petitioner is a convicted felon. At the time of the filing of this petition, it was indicated that he was incarcerated in the PCF which is not in this district. However, it appears that the relevant conduct referred to here occurred in this district either at the Miami Correctional Facility in Bunker Hill, Indiana or the Westville Correctional Facility, both of which are in this district. He was the subject of a prisoner disciplinary proceeding involving a charge of battery. The proceeding in question designated as WCC 05-04-0246 was handled in or around April 2005. The sanction included a deprivation of 90 days earned time credit which was suspended pending a condition of no so-called A or B conduct reports within six months. He was also demoted from credit class I to credit class II which implicates *Wolff v.*

*McDonnell*, 418 U.S. 539 (1974).  There was also a six-month disciplinary segregation which does not implicate *Wolff*.  *See Sandin v. Conner*, 515 U.S. 472 (1995).  There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent,  Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit.  *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v.  McBride,* 81 F.3d 717 (7th Cir. 1996).

There is a serious question as to whether all of the issues argued for by this petitioner were preserved in the administrative appeals process under *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992).  To the extent that this petitioner is bottoming arguments on violations of state regulations and law, particularly the ADP, the same is foreclosed by *Estelle v. McGuire*, 502 U.S. 62 (1991).  *See also Hester v. Mc Bride*, 966 F.Supp. 765 (N.D. Ind. 1997).  With regard to the necessity of so-called physical evidence being presented to the CAB, *see Hayes v. McBride*, 965 F. Supp. 1186 (N. D. Ind. 1997).  Specifically it appears that the argument about the CAB not reviewing the video has been waived particularly under *Markham*.  During the screening process, this petitioner did not request any physical evidence although the videotape is mentioned in the Report of Investigation of the incident.  The Report of Investigation mentions and summarized the content of the so-called videotape, although the CAB did not need to review it.  Generally in this procedural context it is left to th CAB to determine the credibility of witnesses including confidential witnesses.

It is not for this court to gainsay the determination of the CAB of witnesses including

confidential witnesses. *See Whitford v. Boglino*, 63 F.3d 527 (7th Cir. 1995), and *Mendoza v. Miller*, 779 F.2d 1287 (7th Cir. 1985), *cert. denied*, 476 U.S. 1142 (1986).  This court has examined the presentations made by four confidential informants and has called and examined the sealed documents filed on May 12, 2006.  The undersigned has carefully and personally reviewed these filings including the videotape.

This court is in agreement with the argument advanced by the Attorney General which distinguishes the rights of prisoners in this species of proceeding in contrast to the rights of criminal defendants charged in state or federal courts.  This subject was dealt with in *Rowold v. McBride*, 973 F.Supp. 829, 834 (N.D. Ind. 1997) and *Hundly v. McBride*, 908 F.Supp., 608 (N.D. Ind. 1995).  This circuit has ruled that the so-called hearsay rule is given a wider possible application in this species of proceedings comparing the same to administrative agencies.  *See Niam v. Ashcroft*, 354 F.3d 652 (7th Cir. 2004).

The Attorney General has placed before this Court a series of documents designated A through N, both inclusive, which explicate in great detail the proceedings involved.  When those documents are considered alongside the examination of the sealed material, certainly the so-called totality of circumstances comes into play.  When that is all said and done, the due process clause of the Fourteenth Amendment has not been violated here and the petitioner has failed to show entitlement to relief under 28 U.S.C. §2254.  The petition is therefore **DENIED.  IT IS SO ORDERED**.

   **DATED:**  July 26, 2006

   _____
   **S/ ALLEN SHARP**
   **ALLEN SHARP, JUDGE**
   **UNITED STATES DISTRICT COURT**